Filed 11/29/22 P. v. McNamara CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C094515 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF19-0252, CRF19-1392, CRF19-3196) |
| v. | |
| CODY MICHAEL MCNAMARA, | |
| Defendant and Appellant. | |

Defendant Cody Michael McNamara contends defense counsel rendered constitutionally ineffective assistance by failing to request mental health treatment for defendant after his probation was terminated. We agree with the People that defendant has failed to meet his burden on this claim.

In supplemental briefing, the parties agree, as do we, that Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567) warrants remand for reconsideration of defendant's upper term sentences. Accordingly, we vacate the sentence, remand for resentencing, and otherwise affirm the judgment.

1

In June 2021, the trial court terminated defendant's three grants of probation for offenses committed in 2019: possession of a stolen vehicle (Pen. Code, § 496d, subd. (a));[1] first degree burglary (§ 459), with an admitted strike; and criminal threats (§ 422, subd. (a)), with another admitted strike.

One condition of probation was that defendant, who was diagnosed with bipolar, posttraumatic stress disorder, and substance abuse disorders,[2] participate in mental health and substance abuse treatment. In reinstating defendant's probation for the first time, the trial court emphasized defendant's disorders were "inextricably intertwined and if he doesn't follow through on one of these it's not going to be a successful outcome." But by defendant's third violation of probation hearing, after he again failed to report and was found with drugs, his probation officer reported defendant "refused to acknowledge his struggles with substance use or behavioral health; therefore, he is not amenable to services." He also had "a history of being resistant towards probation" and was "anti-social and defiant." Defendant was removed from the prehearing conference for being "combative, talk[ing] out of turn, and us[ing] profanity," and he refused to appear in the ensuing hearing, asserting he had been denied his right to a speedy jury trial. The trial court concluded that defendant "was extended multiple opportunities on probation," yet had "continued violations of probation," failed to "give any explanation as to how his actions will be different should he be reinstated on probation," and "has decided at this point that he no longer is willing to comply with the Probation Department."

The trial court sentenced defendant to the upper term of six years in state prison for the burglary, with concurrent three-year upper terms for the stolen vehicle and

---

[1]   Undesignated statutory references are to the Penal Code.

[2]   The trial court found defendant competent to stand trial.

criminal threats. The court found four aggravating circumstances: defendant had multiple convictions increasing in seriousness; he had served a prison term in Arizona for possession of marijuana and drug paraphernalia; he committed offenses while on probation; and his performance on probation had been unsatisfactory. In mitigation, the court found that defendant had acknowledged wrongdoing as to each case.

Defense counsel did not request mental health diversion.

DISCUSSION

I

*Ineffective Assistance of Counsel*

Defendant contends defense counsel provided ineffective assistance by failing to request mental health diversion. We disagree.

Under section 1001.36, a court may grant pretrial diversion to a defendant if the court is satisfied that (1) the defendant suffers from a qualifying mental disorder (including bipolar and posttraumatic stress disorders); (2) the mental disorder played a significant role in the commission of the charged offense; (3) a qualified mental health expert opines that the defendant's symptoms would respond to treatment; (4) the defendant consents to the diversion and waives his right to a speedy trial; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety. (§ 1001.36, subd. (b)(1).)[3]

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of

---

[3] A defendant may request diversion until sentencing and entry of judgment. (*People v. Curry* (2021) 62 Cal.App.5th 314, 322-325, review granted July 14, 2021, S267394; but see *People v. Graham* (2021) 64 Cal.App.5th 827, 832-833 [request for pretrial diversion must be made prior to jury's guilty verdict], review granted Sept. 1, 2021, S269509; *People v. Braden* (2021) 63 Cal.App.5th 330, 333 [defendant is ineligible for diversion after his trial begins], review granted July 14, 2021, S268925.)

3

reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid*.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697 [80 L.Ed.2d 674, 699].)

We agree with the People that defendant was not prejudiced because his strike convictions rendered him statutorily ineligible for diversion. (§ 667, subd. (c)(4) ["if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious or violent felony convictions," then "[d]iversion shall not be granted"]; see *People v. Kendrick* (2014) 226 Cal.App.4th 769, 780 [" '[d]efense counsel is not required to make futile motions or to indulge in idle acts to appear competent' "].) Moreover, defendant's demonstrated recalcitrance and resistance to treatment, which caused the trial court to refuse to reinstate his probation, belie the assertion defendant would have been amenable to, and found suitable for, mental health diversion. (See § 1001.36, subd. (b)(1) [listing diversion criteria, including that the defendant "consents to diversion," "agrees to comply with treatment," and "waives [his] right to a speedy trial"]; *People v. Curry, supra*, 62 Cal.App.5th at p. 324 ["the trial court, being in the best position to decide the matter, has broad discretion to determine whether a given defendant is a good candidate for mental health diversion"].)

Defendant has failed to show counsel was ineffective.

4

## II

### *Senate Bill 567*

In supplemental briefing, the parties agree that we should remand for resentencing in light of the presumption of middle terms created by Senate Bill 567. (§ 1170, subd. (b)(1)-(3), amended by Stats. 2021, ch. 731, § 1.3.) We agree remand is warranted under that legislation, but for a different reason.

Senate Bill 567 also amended section 1170, subdivision (b)(6) to provide that "the court shall order imposition of the lower term" if, among other things, "[t]he person has experienced psychological, physical, or childhood trauma," unless doing so would be "contrary to the interests of justice." (§ 1170, subd. (b)(6), added by Stats. 2021, ch. 731, §§ 1.3, 3(c).) As we have discussed, defendant was diagnosed with posttraumatic stress disorder, which may have played a role in his offenses. Accordingly, we will vacate defendant's sentences and remand for a full resentencing, in which defendant may raise any arguments available to him. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "].) We express no opinion as to how the trial court should exercise its discretion on remand.

### DISPOSITION

The sentence is vacated and the matter is remanded for resentencing. The judgment is otherwise affirmed.

      KRAUSE      , J.

We concur:

      HULL      , Acting P. J.

      DUARTE      , J.